**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JESSE LEE JACKSON,                                                                                    PLAINTIFF
ADC# 124244

v.                                        2:13CV00132-KGB-JJV

DEANGELO EARL, Major/Chief of Security,
ADC, East Arkansas Regional Unit; *et al.*                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

      The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Jesse Lee Jackson ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC"). He filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that Defendant DeAngelo Earl violated his constitutional rights by using excessive force against him. (Doc. No. 2.)[1] Now, Defendant Earl has filed a Motion for Summary Judgment ("Motion") seeking dismissal of all claims against him. (Doc. No. 42.) When Plaintiff failed to file a timely response to the Motion, the Court provided him an additional fourteen (14) days to do so. (Doc. No. 46.) Plaintiff was warned that failure to respond might result in all assertions in Defendant's Statement of Facts (Doc. No. 43) being deemed admitted by him, pursuant to Local Rule 56.1(c). (*Id.*) Plaintiff did not respond within the additional fourteen days, and the assertions in Defendant's Statement of Facts are hereby deemed admitted and undisputed by the parties.

### II. BACKGROUND

Plaintiff alleges that on August 1, 2012, Defendant Earl, a major at the ADC's East Arkansas

---

[1] Plaintiff's Complaint also listed three other Defendants - Michael Williams, Douglas Lockhart, and Brenda Jackson. (*Id.*). These Defendants were dismissed on May 6, 2014. (Doc. No. 30). Accordingly, only Plaintiff's claims against Defendant Earl remain.

2

Regional Unit, punched him in the jaw and slammed him into the floor. (Doc. No. 2 at 7-8.) Both parties admit that Plaintiff has a lengthy history of disciplinary violations, including violence against ADC employees. (Doc. No. 43 ¶¶ 2-26.) It is also undisputed that at the time of the alleged incident, Plaintiff was physically resisting officers' attempts to escort him to an isolation cell. (*Id.* ¶ 32.) Defendant Earl offers video evidence and records of the ADC Internal Affairs investigation, both of which are purported to contradict Plaintiff's excessive force violations. (Doc. Nos. 43-2, 43-3.)

### III.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

IV.     ANALYSIS

Defendant Earl argues that: (1) sovereign immunity bars Plaintiff's official capacity claims against him; (2) Plaintiff's excessive force claims are disproved by submitted evidence; (3) he is entitled to qualified immunity; and (4) Plaintiff's state law claims are barred by the statute of limitations. The Court will examine each argument in turn.

   A.     **Sovereign Immunity**

Defendant Earl argues that, to the extent Plaintiff seeks damages against him in his official capacity, those claims are barred by the doctrine of sovereign immunity. The Court agrees. It is well established that a suit against a state official in his official capacity is akin to a claim against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As such, a suable "person" under 42 U.S.C. § 1983 does not include a state, a state agency, or a state official sued in their official capacity for damages. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989). It is undisputed that Defendant Earl, an ADC correctional officer, is a state employee. All official capacity claims for damages against him are, therefore dismissed.

   B.     **Excessive Force Claims**

In analyzing claims for excessive force, "the core judicial inquiry is whether force was applied in a good-faith effort to maintain and restore discipline, or maliciously and sadistically to cause harm." *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). "Whether the force used was reasonable is 'judged from the perspective of a reasonable officer on the scene' and in light of the particular circumstances." *Story v. Norwood*, 659 F.3d 680, 686 (8th Cir. 2011) (quoting Graham v. Conner, 490 U.S. 386, 396-397 (1989)).

Here, the parties do not dispute that Plaintiff was actively resisting officers' attempts to

transfer him to an isolation cell at the time of the incident. (Doc. No. 43 ¶ 32.)[2] A review of the video footage submitted by Defendant Earl evidences a struggle on the part of correctional officers to maintain control of Plaintiff. (Doc. No. 43-2 at 11:24:30-11:25:10.) The video does not corroborate Plaintiff's allegation that Defendant Earl punched him in the jaw. Plaintiff is taken to the floor by Defendant Earl and another correctional officer, but this maneuver appears to be an attempt to regain control of Plaintiff, who is struggling violently in an attempt to escape their custody. The video does contain some ambiguity, insofar as the angle is fixed and parts of the struggle occur outside the camera's frame of reference. Still, the Court finds Defendant Earl's account of the incident consistent with the footage, and Plaintiff has declined to offer a contrasting appraisal of the video by way of response.[3]

Defendant Earl also points to Plaintiff's lack of injuries as evidence that no excessive force was used. A lack of physical injury is not determinative in weighing an Eighth Amendment claim, but the extent of a plaintiff's injury may provide a clue as to how much force was applied. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Here, despite allegations that Defendant Earl punched Plaintiff in his surgically repaired jaw (Doc. No. 2 at 9), his deposition testimony states that he declined to submit a sick call in the aftermath of the incident. (Doc. No. 43-1 at 40.)

Finally, Defendant Earl offers the findings of an ADC internal affairs investigation which concluded that no excessive force was used during the incident in question. (Doc. No. 43-3.) The

---

[2]Pursuant to his Complaint, Plaintiff alleged that Defendant Earl used force against him for no reason. (Doc. No. 2 at 7). By failing to respond to Defendant's Statement of Facts (Doc. No. 43), however, Plaintiff has admitted Defendant's assertion that he was struggling.

[3]The Court notes that Plaintiff also alleges Defendant Earl attempted to use excessive force against him *after* reaching the isolation cell. (Doc. No. 2 at 3.) No video footage exists of his placement in the cell, but the Court finds the lack of injury and the results of the ADC internal affairs investigation sufficient to dispose of this additional claim.

investigative report references interviews with several witnesses, including two other correctional officers and a nurse. (*Id*. at 6.) Each of these individuals stated that Plaintiff became combative during his transfer. (*Id*. at 6-7.) The two witnesses actually present during the altercation stated they did not see Defendant Earl punch Plaintiff in the jaw. (*Id*.).

Based on the foregoing, the Court concludes that Defendant Earl is entitled to summary judgment on Plaintiff's excessive force claims.

### C. Qualified Immunity

To determine whether a defendant is entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[4] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

Here, the Court has already found that the facts, as shown, do not establish a violation of Plaintiff's Eighth Amendment rights. Accordingly, the Court finds that Defendant Earl is also entitled to qualified immunity.

### D. State Law Claims

In addition to his Eighth Amendment claims, Plaintiff also brings an Arkansas state law claim

---

[4]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236)).

for assault and battery against Defendant Earl. (Doc. No. 2 at 10.) Defendant Earl argues this state law claim is appropriate for dismissal, because the statute of limitations for assault and battery is one year. Ark. Code Ann. § 16-56-104. The incident in question occurred on August 1, 2012. (Doc. No. 2 at 7-8). This action was filed on October 4, 2013, more than one year after the alleged assault occurred. This state law claim is, therefore, barred by the statute of limitations.

**V.     CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant Earl's Motion for Summary Judgment (Doc. No. 42) be GRANTED;

2. Plaintiff's claims against Defendant Earl be DISMISSED with prejudice;

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 29th day of December, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE